UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
KEITH POOLER,

                                    Petitioner,

        v.-

KATHLEEN M. RICE,

                                    Respondent.
--------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
14-cv-3089 (JMA)

FILED
CLERK

6/21/2017 11:04 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

Keith Pooler
Clinton Correctional Facility - P.O. Box 2001
Dannemora, NY 12929
        *Pro se* petitioner

Yael Vida Levy
Nassau County District Attorney's Office
262 Old Country Road
Mineola, NY 11501
        *Attorney for respondent*

**AZRACK, United States District Judge:**

Before the court is a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Keith Pooler. Petitioner was convicted of robbery in the second degree and assault in the third degree and sentenced to a determinate term of incarceration of nine years. Petitioner requests relief based on four separate grounds. For the reasons that follow, all of petitioner's proffered grounds are either procedurally barred or without merit and, therefore, the instant petition is denied in its entirety.

# I.  BACKGROUND

## A.  Factual Background

After trial, petitioner was convicted of two crimes arising out of the robbery of Jose Alvarez, a taxi driver.  In the early hours of June 4, 2009, Alvarez was beaten and robbed shortly after purchasing a cup of tea at a deli in Hempstead, New York.  (<u>See</u> Trial Transcript ("Tr.") 188, ECF Nos. 9-17 and 9-18.)  Alvarez testified that, prior to the robbery, he observed petitioner looking at him and "checking" both corners of the block.  (<u>Id.</u> at 188–189.)  As Alvarez was leaving the deli and returning to his vehicle, petitioner attacked him and attempted to steal his money.  (<u>Id.</u> at 190.)  Petitioner knocked Alvarez to the ground and beat him until he lost consciousness, after which he took Alvarez's money and ran off.  (<u>Id.</u> at 191–193.)  Employees of the deli called the police and, when the officers arrived, Alvarez described petitioner and indicated that he would be able to identify petitioner.  (<u>Id.</u> at 193.)  The police officer then told Alvarez to call him if he saw petitioner again.  (<u>Id.</u> at 194.)

On June 13, 2009, Alvarez spotted petitioner in front of the same deli and called the police.  (<u>Id.</u>)  The police arrived at approximately 1:30 AM and approached the petitioner, who fled.  (<u>Id.</u> at 197, 237–238.)  When petitioner ignored the officers' orders to stop, the officers pursued him and ultimately had to pepper spray petitioner to subdue him.  (<u>Id.</u> at 197; 238–247.)  After being pepper sprayed, petitioner said: "Why are you guys doing this?  I didn't rob anyone."  (<u>Id.</u> at 238–247.)  At this point, the police officers had not asked petitioner about any robbery.  (<u>Id.</u> at 247.)  The petitioner was then arrested.  (<u>Id.</u> at 247.)  Alvarez was in the area when petitioner was arrested, but the police do not appear to have conducted a formal identification of petitioner at that time.  (Hearing Transcript ("H. Tr.") 18–19, ECF No. 9-15.)

### B. Procedural Background

#### 1. Trial, Conviction, and Sentencing

Prior to trial, the state court held a <u>Wade</u>-<u>Huntley</u> suppression hearing to determine whether to suppress Alvarez's identification of petitioner based on petitioner's argument that the identification was the product of a suggestive show-up. (<u>Id.</u> at 43.) The trial court declined to suppress the identification, finding that there had been no "police arranged show-up" and that there was no indication that "the police officers employed any suggestive procedures." (<u>Id.</u>)

The court then held a <u>Sandoval</u> hearing concerning the prosecution's intention to cross-examine the petitioner about three of his prior convictions if he decided to testify at trial. The Court held that:

> should the defendant testify at trial . . . the People will be permitted to ask the defendant if he was convicted of a felony on March 2, 2007, and on May 24, 2000, without going into . . .the underlying facts. With regard to the conviction from February 9, 2004 . . . the People [can] ask the defendant if he has been convicted of a crime.

(Tr. 7.)

Petitioner was tried in the New York Supreme Court, Nassau County in a criminal trial that commenced on January 14, 2010. At trial, the prosecution presented the testimony of Alvarez and two of the police officers responsible for arresting petitioner. (<u>See</u> Tr. 187–247.) The prosecution also played an audio recording of Alvarez's 911 call on June 13, 2009, over petitioner's objection. (<u>See</u> <u>id</u>. at 212.) Petitioner did not testify or put on any defense witnesses. (<u>See</u> <u>id.</u> at 259.)

On January 20, 2010, petitioner was convicted of robbery in the second degree, pursuant to § 160.10(2)(a) of the New York Penal Law, and assault in the third degree, pursuant to § 120.00(1) of the New York Penal Law. (<u>Id.</u> at 301–306.) On June 15, 2010, petitioner was

sentenced to nine years in prison for the robbery charge and one year for the assault charge, with the terms to run concurrently. (Sentencing Transcript 6, ECF No. 9-16.)

## 2. Direct Appeal

Petitioner filed a timely notice of appeal and, on December 22, 2010, submitted a brief to the Appellate Division, Second Department, arguing for reversal of the judgment of conviction and requesting a new trial. Petitioner raised three grounds for reversal. (See Appellant's Brief, ECF No. 9-1.) First, petitioner argued that the admission of the 911 tape into evidence constituted an abuse of discretion by the trial judge and was a reversible error. Second, petitioner argued that the trial court's Sandoval ruling did not properly balance the opposing interests and thus deprived petitioner of due process and the right to testify on his own behalf. Third, petitioner argued that his sentence was excessive.

Petitioner subsequently submitted a pro se supplemental brief in which he advanced three new arguments. (See Appellant's Supplemental Brief, ECF No. 9-3.) First, petitioner argued that the prosecution "improperly influenced the grand jury" and that petitioner "suffered prejudice as a result." (Id. at 11–12.) In particular, petitioner argued that the prosecutor improperly questioned him before the grand jury concerning a 1996 robbery for which he was never convicted.[1] (Id. at 11.) Second, petitioner argued that the trial court erred when it declined to suppress the evidence that Alvarez identified him on June 13, 2009. (Id. at 12.) Third, petitioner argued that Alvarez's in-court identification should have been suppressed as the product of an unlawful arrest. (Id. at 13–17.)

---

[1] Although petitioner was improperly questioned before a grand jury concerning the 1996 robbery, the prosecutor requested that the grand jury vote to withdraw petitioner's case from its consideration. (See Grand Jury Minutes, ECF No. 23.) Petitioner was ultimately indicted by a different grand jury which had never heard the allegedly improper questioning.

On August 29, 2012, the Second Department unanimously affirmed the judgment of conviction and denied petitioner's appeal in its entirety. (See Second Dept. Order, ECF No. 9-5.) In particular, the Second Department held:

- That "the recording of the complainant's call to the 911 emergency number was properly admitted into evidence." (Id. at 2.)

- That the trial court's Sandoval ruling "struck an appropriate" balance between the probative value and possible prejudice to the defendant. (Id. at 1.)

- That "the sentence imposed was not excessive." (Id. at 2.)

- That "[t]here is no merit" in petitioner's arguments for the suppression of Alvarez's "show up" and in-court identifications of him. (Id.)

- That petitioner's grand jury and unlawful arrest arguments were "unpreserved for appellate review and, in any event, without merit." (Id.)

Petitioner applied for leave to appeal to the Court of Appeals but the application was denied on November 19, 2012. See People v. Pooler, 20 N.Y.2d 935 (2012). Petitioner did not petition the Supreme Court of the United States for a writ of certiorari.

### 3. Section 440 Motion

On April 30, 2013, petitioner filed a pro se motion to vacate the judgment of conviction pursuant to New York Criminal Procedure Law §440.10(1). (See Notice of Motion to Vacate Judgment of Conviction ("440 Mot."), ECF No. 9-12.) Petitioner advanced the following arguments in support of his § 440 motion:

- He was falsely arrested. (Id. at 10–11.)

- He was subjected to excessive force when he was pepper sprayed prior to his arrest. (Id. at 12.)

- The grand jury proceedings were defective because witnesses gave differing descriptions of the perpetrator and because petitioner was improperly questioned concerning a 1996 robbery. (Id. at 14–24.)

- The prosecutor committed fraud and withheld relevant evidence from the jury by allowing someone who was "not the true and legitimate complaining witness" take the stand and claim to be Alvarez and by failing to introduce the audio recording of the 911 call from the day of the robbery at trial. (<u>Id.</u> at 25–28.)

- Petitioner's trial counsel was ineffective for failing to object to the purported prosecutorial misconduct. (<u>Id.</u> at 27–28.)

In an order dated January 6, 2014, the Honorable Tammy S. Robbins, Acting Justice of the Supreme Court, denied Petitioner's § 440 motion in its entirety. (Supreme Court 440 Decision ("440 Decision"), ECF No. 9-14.) In particular, the state court denied petitioner's false arrest, excessive force, grand jury, and prosecutorial misconduct claims "for either the [petitioner's] unjustifiable failure to adduce facts in support of his claims on the record in a manner providing an adequate basis for review of such claims on appeal [pursuant to § 440.10(3)(a)] or because the claims were rejected on their merits on appeal [pursuant to § 440.10(2)(a)]." (<u>Id.</u> at 1–2 (internal citations omitted).) The state court also denied petitioner's ineffective assistance of counsel claim "for his failure to provide sworn allegations substantiating or tending to substantiate his claims" pursuant to §§ 440.30(4)(b) and (d). (<u>Id.</u> at 2.)

Petitioner sought leave to appeal from the state court's decision on January 19, 2014. (Motion for Leave to Appeal, ECF No. 9-6.) The Second Department denied leave on April 22, 2014. (Decision and Order, ECF No. 9-8.)

### 4. The Instant Petition

Petitioner filed a timely petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief on four separate grounds. (<u>See</u> Petition for Writ of Habeas Corpus ("Pet."), ECF No. 1.) For the reasons that follow, all of petitioner's proffered grounds are either procedurally barred or without merit. As such, the instant petition is denied in its entirety.

## II.    DISCUSSION

### A. Standards of Review

#### 1.  Overview of AEDPA

Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996), to restrict "the power of federal courts to grant writs of habeas corpus to state prisoners." Williams v. Taylor, 529 U.S. 362, 399 (2000) (O'Connor, J., concurring). Under AEDPA, a district court will "entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In order to make such a showing, the petitioner must satisfy three hurdles: (1) the exhaustion of state remedies, (2) the absence of a procedural bar, and (3) the satisfaction of AEDPA's deferential review of state court decisions. See 28 U.S.C. § 2254.

#### 2.  Exhaustion

Generally, a court cannot review a habeas petition unless the petitioner "has exhausted the remedies available" in state courts. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is designed to provide state courts with the "'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Jackson v. Edwards, 404 F.3d 612, 619 (2d Cir. 2005) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). Therefore, the petitioner must show that he fairly presented his federal claim to the highest state court from which a decision can be rendered. Daye v. Att'y Gen. of N.Y., 696 F.2d 186, 190 n.3 (2d Cir. 1982) (en banc). Although the petitioner need not "'cite chapter and verse of the Constitution in order to satisfy this requirement,' he must tender his claim 'in terms that are likely to alert the state courts to the claim's federal nature.'" Jackson v. Conway, 763 F.3d 115, 133 (2d Cir. 2014) (quoting Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011)).

Here, petitioner raised the arguments underlying all four of his grounds for relief either on direct appeal or in his § 440 proceeding and pursued appeals of each decision. Respondent has not contested that petitioner has exhausted available state court remedies. The Court thus focuses its discussion on the issues of procedural default and the merits of petitioner's claims.

### 3. Procedural Default

A federal court cannot review a habeas petition "when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" Cone v. Bell, 556 U.S. 449, 465 (2009) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). For this reason, under the doctrine of procedural default, a federal court will not review "the merits of claims, including constitutional claims, that a state court declined to hear because the petitioner failed to abide by a state procedural rule." Martinez v. Ryan, 566 U.S. 1, 9 (2012). When a state court has dismissed a claim on such a procedural ground, the petitioner is barred from raising that claim in a § 2254 petition unless the petitioner can meet certain exceptions.

This procedural bar applies even if the state court addressed a claim's merits in the alternative, but decided that claim on independent procedural grounds. Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990) (per curiam); see also Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) (observing that "a state court need not fear reaching the merits of a federal claim in an alternative holding" where the court explicitly invokes a procedural rule as an independent ground for its decision) (emphasis in original).

A petitioner may overcome a procedural bar by demonstrating either (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. To demonstrate cause, petitioner must establish that "some objective factor external to the

defense impeded counsel's efforts to comply with the State's procedural rule": for example, that the factual or legal basis for a claim was not reasonably available to counsel or that "some interference by officials . . . made compliance impracticable."  Murray v. Carrier, 477 U.S. 478, 488 (1986) (internal quotation marks and citations omitted).  A petitioner may also satisfy the cause requirement by demonstrating that his attorney's failure to comply with state procedural rules denied him constitutionally adequate representation.  See Tavarez v. Larkin, 814 F.3d 644, 650 (2d Cir. 2016), cert. denied, 137 S. Ct. 106 (2016); Restrepo v. Kelly, 178 F.3d 634, 640 (2d Cir. 1999).  Generally, however, a petitioner cannot invoke this ground unless he first asserted an equivalent independent Sixth Amendment ineffective assistance claim in state court and exhausted his state-court remedies with respect to that claim.  See, e.g., Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000).

As for the prejudice requirement, the petitioner must demonstrate that counsel's errors (or any other basis invoked by the petitioner to establish cause) not only "created a possibility of prejudice, but that they worked to his actual and substantial disadvantage . . . ."  United States v. Frady, 456 U.S. 152, 170 (1982).

Even if a petitioner cannot establish cause and prejudice, a federal court may excuse a petitioner's procedural default if he can show that a fundamental miscarriage of justice would result.  In other words, petitioner can overcome a procedural bar by showing "that he is actually innocent of the crime for which he has been convicted."  Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002) (citing Schlup v. Delo, 513 U.S. 298, 321 (1995)).  To prevail, the petitioner must put forth "new reliable evidence . . . that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  Schlup, 513 U.S. at 324.

Here, petitioner has presented no evidence of actual innocence and there is nothing to indicate that a fundamental miscarriage of justice will result from the application of a procedural bar to any of petitioner's grounds for relief. Therefore, when the Court discusses the procedural bars applicable to petitioner's claims, it focuses its inquiry only on whether petitioner has demonstrated cause and prejudice.

### 4. AEDPA Standard of Review

Where a claim is both exhausted and not subject to a procedural bar, a federal court may review the merits of the state court decision on that issue, subject to the deferential standard set out by AEDPA. Under that standard, a federal court may grant a writ of habeas corpus only where the state court's adjudication of the claim either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has construed AEDPA "to give independent meaning to 'contrary [to]' and 'unreasonable.'" Jones v. Stinson, 229 F.3d 112, 119 (2d Cir. 2000).

A state court's decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412–13 (O'Connor, J., concurring). A decision involves "an unreasonable application" of clearly established federal law when a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id. at 413. This standard does not require that all reasonable jurists agree that the state court was wrong. Id. at 409–10.

Rather, the standard "falls somewhere between 'merely erroneous and unreasonable to all reasonable jurists.'" <u>Jones</u>, 229 F.3d at 119 (quoting <u>Francis S. v. Stone</u>, 221 F.3d 100, 109 (2d Cir. 2000)).

AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." <u>Jones v. Murphy</u>, 694 F.3d 225, 234 (2d Cir. 2012) (quoting <u>Hardy v. Cross</u>, 565 U.S. 65, 66 (2011) (per curiam)). This standard is "difficult to meet." <u>White v. Woodall</u>, 134 S. Ct. 1697, 1702 (2014) (quoting <u>Metrish v. Lancaster</u>, 133 S. Ct. 1781, 1786 (2013)), <u>reh'g</u> <u>denied</u>, 134 S. Ct. 2835 (2014). A petitioner must show that the "state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Id.</u> at 1702.

Furthermore, a state court's determinations of factual issues are "presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>see</u> <u>also</u> <u>Lynn v. Bliden</u>, 443 F.3d 238, 246 (2d Cir. 2006). A state court's findings of fact will be upheld "unless objectively unreasonable in light of the evidence presented in the state court proceeding." <u>Lynn</u>, 443 F.3d at 246–47 (quoting <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340 (2003)). Thus, a federal court may overrule a state court's judgment only if, "after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." <u>Williams</u>, 529 U.S. at 389.

### 5. <u>Pro</u> <u>Se</u> Status

Petitioner "bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated." <u>Jones v. Vacco</u>, 126 F.3d 408, 415 (2d Cir. 1997). In light of his <u>pro</u> <u>se</u> status, however, the Court construes petitioner's submissions liberally and

interprets them "to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Petitioner is not, however, excused "from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam) (internal quotation marks omitted)).

## B. Claims for Relief

Petitioner requests relief on four separate grounds. First, petitioner argues that his conviction was "obtained by use of evidence obtained pursuant to an unlawful arrest." (Pet. 6.) Second, petitioner argues that his conviction was "obtained by the unconstitutional failure of the prosecution to disclose to the [petitioner] evidence favorable to the [petitioner]." (Id. at 7.) Third, petitioner argues that his conviction was "obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled." (Id.) Fourth, petitioner argues that he was denied effective assistance of counsel. (Id.)

For the reasons that follow, petitioner is not entitled to relief based on any of his proffered grounds.

### 1. Petitioner's Unlawful Arrest Claim Is Procedurally Barred And, In Any Event, Does Not Constitute Grounds For Habeas Relief

Petitioner's first ground for relief is that he was arrested without probable cause in violation of the Fourth Amendment and that his conviction was "obtained by use of evidence obtained pursuant to [the] unlawful arrest." (Id. at 7.) In support of this claim, petitioner argues that he was arrested "without a warrant or affidavit from the magistrate judge to show probable cause to be authorize or privilege to make an arrest [sic]." (Id.)

Petitioner raised this ground for relief in his direct appeal, where the Second Department found that it was "unpreserved for appellate review and, in any event, without merit." (Second

Dept. Order.) That is, the Second Department "declined to hear [this argument] because the petitioner failed to abide by a state procedural rule." Martinez, 566 U.S. at 9; see also Downs v. Lape, 657 F.3d 97, 104 (2d Cir. 2011) (recognizing that the preservation doctrine is "a firmly established and regularly followed New York procedural rule); Harris, 489 U.S. at 264 n.10.

Because the Second Department dismissed petitioner's claim based on a procedural rule constituting an independent and adequate state law ground, petitioner is procedurally barred from raising that claim here unless he can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law." Coleman, 501 U.S. at 750. Petitioner has not satisfied this requirement.

Although the trial court held a suppression hearing prior to trial, petitioner failed to argue that the identification evidence was inadmissible on the grounds that it was obtained pursuant to an unlawful arrest. (See H. Tr.) Instead, petitioner argued only that the identification should be suppressed because it was the result of an unduly suggestive show-up. (Id.) Petitioner has never attempted to explain his failure to raise his unlawful arrest claim during the suppression hearing and has certainly not advanced any argument that he had cause. Specifically, petitioner has never argued that his trial counsel was ineffective for failing to raise this argument at the suppression hearing. (See Appellant's Brief; Appellant's Supplemental Brief; 440 Mot.) Petitioner has therefore not demonstrated cause for his failure to preserve the argument underlying this claim. Even had he demonstrated cause, however, petitioner cannot show prejudice, given the overwhelming evidence against him at trial. This claim for relief is thus procedurally barred.

Even if this claim were not procedurally barred, however, it cannot form a viable basis for habeas relief. The Supreme Court has held that, "where the State has provided an

opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." Stone v. Powell, 428 U.S. 465, 494 (1976). This is because, even where a Fourth Amendment claim has merit, "the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force." Id. at 494–95.

Petitioner does not argue that he was denied an opportunity to fully and fairly litigate his Fourth Amendment claim in state court. Indeed, petitioner failed to advance any such argument at the pre-trial suppression hearing. (See H. Tr.) Thus, pursuant to Stone, this Court cannot address the merits of plaintiffs' false arrest claim.

### 2. Petitioner's Prosecutorial Misconduct Claim Is Procedurally Barred, And His Related Ineffective Assistance Claim Is Without Merit

As his second ground for relief, petitioner argues that his conviction was "obtained by the unconstitutional failure of the prosecution to disclose to the [petitioner] evidence favorable to the [petitioner]." (Pet. 7.) In support of this ground, petitioner does not identify any exculpatory evidence that was withheld from him. Instead, petitioner appears to re-state the prosecutorial misconduct claim contained in his § 440 motion. (See 440 Mot. 25–28; see also Pet. 8 (accusing the government of "calling as a witness a man who was not the true complainant" and "not offering into evidence a recording of a 911 call made on the day of the robbery.") As such, the Court construes petitioner as advancing the same prosecutorial misconduct argument contained in his § 440 motion. Petitioner also argues, as his fourth ground for relief, that his trial counsel "was ineffective for not objecting to the prosecutor's improper conduct" and for "refus[ing] to object to fraud and perjury during trial." (Pet. 8.) Thus, petitioner's fourth ground appears to be

that his trial counsel was ineffective for failing to object to the purported misconduct underlying his second ground. Petitioner advanced the arguments underlying both his second and fourth grounds in his § 440 motion.

### i. Prosecutorial Misconduct

The state court denied the prosecutorial misconduct claims in petitioner's § 440 motion in reliance on § 440.10(3)(a),[2] citing petitioner's "unjustifiable failure to adduce facts in support of his claims on the record in a manner providing an adequate basis for review of such claims."[3] (440 Decision 1–2.) "Federal courts have recognized Section 440.10(3)(a) as an adequate and independent procedural bar that precludes federal habeas review." Witt v. Racette, No. 10-CV-9180, 2012 WL 3205177, at *8 (S.D.N.Y. Aug. 7, 2012) (citing Cameron v. People of the State of New York, No. 01-CV-9988, 2002 WL 31898076, at *7 (S.D.N.Y. Dec. 30, 2002)); see also Bethea v. Walsh, No. 09-CV-5037, 2016 WL 258639, at *32 (E.D.N.Y. Jan. 19, 2016). As such, petitioner's prosecutorial misconduct claims are procedurally barred. See, e.g., Wainwright v. Sykes, 433 U.S. 72, 86–87 (1977); Cotto v. Herbert, 331 F.3d 217, 238 (2d Cir. 2003); Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990).

Petitioner can only overcome this procedural bar by demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law." Coleman, 501 U.S. at 750. Petitioner has not satisfied this requirement. Indeed, petitioner has never advanced any

---

[2] Section 440.10(3)(a) allows a court to "deny a motion to vacate a judgment" where, "[a]lthough facts in support of the ground or issue raised upon the motion could with due diligence by the defendant have readily been made to appear on the record in a manner providing adequate basis for review of such ground or issue upon an appeal from the judgment, the defendant unjustifiably failed to adduce such matter prior to sentence and the ground or issue in question was not subsequently determined upon appeal." N.Y. C.P.L. § 440.10(3)(a).

[3] The state court denied the bulk of petitioner's § 440 claims in a single sentence, indicating that such claims were denied "for either the [petitioner's] unjustifiable failure to adduce facts in support of his claims on the record in a manner providing an adequate basis for review of such claims on appeal or because the claims were rejected on their merits on appeal." (440 Decision 1–2 (emphasis added).) Because petitioner did not advance his prosecutorial misconduct claim on direct appeal, the state court necessarily denied that claim for the first of the stated reasons.

possible cause for his failure to observe the applicable procedural requirements. Even were the Court to construe petitioner as arguing that his ineffective assistance counsel claims constituted cause for the procedural default on his prosecutorial misconduct claims—and, to be clear, the petition contains no hint of such an argument—that argument would be unavailing because, for the reasons detailed below, petitioner's ineffective assistance claim is without merit.

And, even assuming that petitioner had shown cause, petitioner has utterly failed to demonstrate prejudice due to the overwhelming evidence against him. Thus, petitioner's second ground for relief is procedurally barred.

### ii. *Ineffective Assistance of Counsel*

Petitioner advanced his ineffective assistance of counsel claims in his § 440 motion, where they were denied "for [petitioner's] failure to provide sworn allegations substantiating or tending to substantiate his claims" pursuant to §§ 440.30(4)(b) and (d). (See 440 Mot. 27–28; 440 Decision 2.) Decisions pursuant to §§ 440.30(4)(b) and (d) constitute adjudications on the merits under AEDPA. Bethea, 2016 WL 258639, at *36.

In order to establish a claim for ineffective assistance of counsel under the test set out by Strickland v. Washington, 466 U.S. 668 (1984), a "defendant must establish both that his attorney was ineffective and that the attorney's errors resulted in prejudice to the defendant." Rosario v. Ercole, 601 F.3d 118, 123 (2d Cir. 2010). With respect to the first prong of this test, counsel is ineffective "when her efforts fall 'below an objective standard of reasonableness.'" Id. (quoting Williams, 529 U.S. at 390–91). In order to constitute ineffective assistance, counsel's performance must be so deficient that "counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." Williams, 529 U.S. at 390. With respect to the second prong, prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

probability is a probability sufficient to undermine confidence in the outcome." Rosario, 601 F.3d at 123 (quoting Williams, 529 U.S. at 391); see also Harrington v. Richter, 562 U.S. 86, 112 (2011) (holding that, in order to establish a claim of ineffective assistance of counsel, the likelihood of a different result "must be substantial, not just conceivable").

The right to effective assistance of counsel has been recognized as "clearly established federal law" for the purposes of AEDPA review. See, e.g., Rosario, 601 F.3d at 123 (citing Williams, 529 U.S. at 390–91). The Supreme Court has explained that state court determinations of ineffective assistance of counsel are subject to "doubly deferential" review under AEDPA. Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (citing Yarborough v. Gentry, 540 U.S. 1, 5–6 (2003)).[4]

Petitioner claims that his trial counsel was ineffective for "not objecting to the prosecutor's improper conduct" and for "refus[ing] to object to [the prosecutor's] fraud and perjury during trial." (Pet. 7.) Although petitioner does not specify the "improper conduct," "fraud," and "perjury" to which his counsel failed to object, the Court construes petitioner as referring to the conduct underlying his prosecutorial misconduct claim, discussed above. For the reasons laid out below, trial counsel was not ineffective for failing to object to that conduct.

First, petitioner argues that his counsel was ineffective for failing to object when the prosecution "call[ed] as a witness a man who was not the true complainant." (Id.) Since there was no evidence whatsoever that the person testifying at trial was anyone other than the victim, it would have been inappropriate for counsel to have made such a baseless objection. Instead,

---

[4] It is an open question in the Second Circuit, however, whether such "double deference" is to be applied to both prongs of the Strickland inquiry or only to the ineffective assistance prong. See Waiters v. Lee, 857 F.3d 466, n.20 (2d Cir. May 22, 2017). Because petitioner's ineffective assistance claim can be resolved by consideration of the ineffective assistance prong, the Court need not determine whether this "double deference" ought also to apply to the prejudice prong. See Strickland, 466 U.S. at 697 ("[F]ederal district courts need not address both components [i.e., deficiency and prejudice] if a petitioner fails to establish either one.").

counsel vigorously cross-examined the victim, attempting to highlight inconsistencies between the descriptions of the robbery that the victim had given to police officers, in his grand jury testimony, and in his testimony during direct examination. (See Tr. 215–235.) Petitioner's counsel then argued in his summation that, based on the inconsistencies in that testimony, the victim's identification of petitioner was not trustworthy and the jury should not credit it. (See, e.g., id. at 263.) Counsel's conduct was the appropriate response to the victim's testimony and did not fall below the standards set out by Strickland.

Second, petitioner argues that his trial counsel was ineffective for failing to object when the prosecution did "not offer[] into evidence a recording of a 911 call made on the day of the robbery," which petitioner appears to suggest was exculpatory. (Pet. 7.) Such conduct by a prosecutor is not improper—a prosecutor has no obligation to present the jury with evidence that tends to exculpate a defendant.[5] See, e.g., Stern v. Miller, No. 02-CV-2145, 2007 WL 2874433, at *9 n.4 (S.D.N.Y. Oct. 2, 2007) (denying requested habeas relief on the ground that the prosecution played only portions of taped conversations for the jury, noting that petitioner "points to no legal principle under which the prosecutor was obliged to present exculpatory material to the jury"); Howard v. Greene, No. 9:06-CV-00816, 2008 WL 902146, at *6 (N.D.N.Y. Mar. 31, 2008) ("there is no obligation on the prosecutor to present [exculpatory] evidence to the court"). If the 911 call from the day of the robbery tended to exculpate petitioner, the proper course of action would have been for petitioner's counsel to admit the tape into evidence himself. Petitioner has not articulated any exculpatory effect that the 911 call might have had. Moreover, the Court has reviewed the recording and finds that it has extremely minimal exculpatory value, if any. Thus, counsel's decision not to introduce the recording fell

---

[5] Petitioner has not argued that the prosecution failed to meet its disclosure requirements, and that argument is not before the Court.

"within the range of acceptable strategic and tactical alternatives and did not cause the representation to fall below the constitutionally acceptable level mandated by <u>Strickland</u>." <u>United States v. Luciano</u>, 158 F.3d 655, 660 (2d Cir. 1998) (collecting cases).

Thus, petitioner's ineffective assistance claims lack merit. In denying those claims, the state court was correct in noting that petitioner had "fail[ed] to provide sworn allegations substantiating or tending to substantiate his claims." (440 Dec. 2.) Indeed, there is nothing in the record whatsoever that tends to support petitioner's ineffective assistance claims. The state court's denial was therefore neither contrary to, nor an unreasonable application or, established federal law. Nor was it an unreasonable determination of the facts. Petitioner is thus not entitled to habeas relief on his fourth ground.

### 3. Petitioner's Grand Jury Claims Are Procedurally Barred And, In Any Event, Are Not Cognizable Under Federal Law

As his third ground, petitioner argues that his conviction was "obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled." (Pet. 7.) In support of this ground, however, petitioner points to no facts concerning the selection or impaneling of either the grand or petit juries. Instead, he alleges (a) that the police officers and complainant "gave false grand jury testimony about [petitioner's] appearance" and (b) "the prosecutor question[ed] defendant about a [1996] robbery that defendant was not convicted for." (<u>Id.</u>) Petitioner has alleged no facts whatsoever concerning the petit jury. The Court therefore construes petitioner as only advancing claims that concern the grand jury.

Because the state court rejected petitioner's grand jury claims on independent and adequate state grounds, those claims are procedurally barred. Petitioner's two separate claims are discussed below.

First, petitioner argued in his supplemental appellate brief that it was improper for the prosecutor to question him about the 1996 robbery before the grand jury. The Second Department found the argument to be "unpreserved for appellate review and, in any event, without merit." (Second Dept. Order 2.) As discussed above, this constitutes an independent and adequate state law ground. See, e.g., Downs v. Lape, 657 F.3d 97, 104 (2d Cir. 2011). When petitioner again advanced this claim in his § 440 motion, the court denied his claim for petitioner's "unjustifiable failure to adduce facts in support of his claims on the record in a manner providing an adequate basis for review of such claims on appeal" pursuant to § 440.10(3)(a). [6] (440 Dec. 1–2.) As discussed above, § 440.10(3)(a) is "an adequate and independent procedural bar that precludes federal habeas review." Witt v. Racette, No. 10-CV-9180, 2012 WL 3205177, at *8 (S.D.N.Y. Aug. 7, 2012). Thus, petitioner's third ground is procedurally barred insofar as it relies on the improper questioning claim.

Second, petitioner's claims of false testimony before the grand jury were included in his § 440 motion. (440 Mot. 25–28.) In denying that motion, the state court cited petitioner's "unjustifiable failure to adduce facts in support of his claims on the record in a manner providing an adequate basis for review of such claims on appeal" pursuant to § 440.10(3)(a). [7] (440 Decision 1–2.) Thus, the remainder of petitioner's third ground is also procedurally barred.

---

[6] As noted above, the state court denied the bulk of petitioner's § 440 claims in a single sentence, indicating that such claims were denied "for either the [petitioner's] unjustifiable failure to adduce facts in support of his claims on the record in a manner providing an adequate basis for review of such claims on appeal or because the claims were rejected on their merits on appeal." (440 Decision 1–2 (emphasis added).) Since the Second Department ruled that petitioner's claim premised on improper questioning before the grand jury was "unpreserved for appellate review," the Court construes the 440 Decision on that claim as resting on the former of the listed decisions. The fact that the Second Department ruled on the merits of the claim in the alternative does not alter this conclusion. See, e.g., Velasquez, 898 F.2d at 9; Harris, 489 U.S. at 264 n.10.

[7] For the same reasons as listed in footnote 2, above, the Court construes the state court as denying petitioner's false testimony claim pursuant to § 440.10(3)(a).

Since the entirety of his third ground is procedurally barred, petitioner can obtain relief only by demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law." Coleman, 501 U.S. at 750. Petitioner has proffered no possible cause for the procedural defaults barring his claim, and the record suggests that no such cause exists. Even if petitioner had demonstrated cause, however, petitioner has suffered no prejudice as a result of the alleged violation of federal law.

Even assuming that it was improper for the prosecutor to question petitioner concerning a 1996 robbery before the grand jury, the prosecutor urged the grand jury that heard that testimony to vote to withdraw the case from its consideration. Petitioner was ultimately indicted by a new grand jury that had not heard the contested testimony. Thus, petitioner could not possibly have suffered any prejudice as a result of such questioning. With respect to petitioner's remaining grand jury claims, the allegedly inconsistent testimony concerning his appearance did not prejudice him, in light of the overwhelming evidence against him.

Finally, although petitioner's grand jury claims are procedurally barred, they are also utterly meritless. It is well established that federal habeas corpus relief is unavailable for claimed deficiencies at a state grand jury proceeding where the petitioner was subsequently convicted at trial. See Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989). This is because "[t]he Fifth Amendment right to indictment by a grand jury was not incorporated by the Due Process Clause of the Fourteenth Amendment, and, accordingly, does not pertain to the states." Fields v. Solof, 920 F.2d 1114, 1118 (2d Cir. 1990) (citing Hurtado v. California, 110 U.S. 516 (1884)). Indictment by grand jury is thus a state law right, rather than a right secured by federal law. See Velez v. State, 941 F. Supp. 300, 315 (E.D.N.Y. 1996). Petitioner's claimed grand jury deficiencies therefore cannot form the ground for habeas corpus relief under § 2254.

For the foregoing reasons, petitioner is not entitled to habeas relief on his third ground.

### III.    CONCLUSION

Petitioner has demonstrated no basis for relief under 28 U.S.C. § 2254 and the instant petition is denied.  Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue.  <u>See</u> 28 U.S.C. § 2253(c)(2).  The Court further certifies pursuant to 28 U.S.C. §1915(a) (3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court shall enter judgment accordingly and close this case.

**SO ORDERED.**

Date: June 20, 2017
Central Islip, New York

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge